García et al., Apelados, v. Savino et al., Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 895.—Resuelto en marzo 12, 1913.

Bienes Muebles—Posesión—Prescripción—Dominio.—De acuerdo con el artículo 466 del Código Civil Revisado, la posesión de bienes muebles adquiridos de buena fe equivale al título, pero no al dominio en el caso de que el vendedor no sea el verdadero dueño. Para adquirir el dominio en tal caso, se necesita además la posesión continuada por el período de tres años.

Id. — Reivindicación — Prenda — Mandatario. — El mandatario que recibe unas joyas para venderlas por precio determinado, no tiene facultad para empeñarlas, y si lo hace, la posesión adquirida por el acreedor en esa forma, aun cuando actúe de buena fe, no le confiere el dominio sobre ellas, pudiendo su dueño reivindicarlas dentro del término de tres años.

Los hechos están expresados en la opinión.

Abogado del apelante Miguel Savino: *Sr. José Martínez Dávila.*

Abogado de los apelados: *Sr. Martín Travieso, Jr.*

El Juez Asociado Sr. del Toro emitió la opinión del tribunal.

Adolfo García y su esposa entablaron demanda contra Miguel Savino y Gabriel Suro para recobrar la posesión de unas dormilonas de brillantes y esmera'das y cierta cantidad por daños y perjuicios, alegando, en resumen, que la demandante Rosario Suárez de García es dueña de un par de dormilonas finas, compuesta cada una de ocho brillantes y una esmeralda, valoradas aproximadamente en mil quinientos pesos; que el 5 de mayo de 1911 el demandado Suro valiéndose de la falsa y

fraudulenta simulación de que había conseguido vender las
referidas dormilonas al demandado Miguel Savino por mil
trescientos pesos, obtuvo la posesión de las mismas para ven-
derlas a Savino; que entregadas de tal modo y con tal objeto
las dormilonas, Suro las empeñó a Savino para garantir la
devolución de cuatrocientos treinta pesos; que Savino al
recibir las dormilonas de manos de Suro, sabía que pertene-
cían a los demandantes y nó a Suro, y que los demandantes
han sufrido daños y perjuicios en la suma de quinientos
dólares.

El demandado Savino excepcionó la demanda alegando
que era ambigua y dudosa y que no aducía hechos suficientes
para determinar una causa de acción.   Luego la contestó ale-
gando, en resumen, que la demandante Rosario Suárez no es
actualmente dueña de las prendas a que se refiere la demanda;
que según información y creencia del demandado, lo cierto es
que desde el mes de enero de 1911 los demandantes entregaron
al demandado Suro, para que éste lo vendiera, el par de dor-
milonas objeto del pleito; que obtenida en esa forma por el
demandado Suro la posesión de las prendas, la conservó por
espacio de cuatro meses, hasta que en mayo de 1911 tomó a
préstamo al demandado la suma de 430 pesos, dándole en ga-
rantía las dormilonas, sin que el demandado sepa si Suro en-
tregó a los demandantes el importe del préstamo, y que el
demandado sabía que Suro había obtenido de los demandantes
desde enero de 1911 las dormilonas para hacer negocios con
ellas.   El demandado negó los hechos de la demanda en cuanto
se opusieran a los por él establecidos y alegó además como ma-
teria nueva de oposición, que el préstamo hecho a Suro estaba
vencido desde mayo de 1911 y que según información y creen-
cia del demandado, el otro demandado Suro, dió a los deman-
dantes en pago del precio del par de dormilonas un pagaré por
la suma de mil trescientos pesos, cuyo pagaré fué aceptado por
los demandantes.

El demandado Suro no aparece que contestara la demanda.
Celebrada la vista en la que ambas partes presentaron y

practicaron sus pruebas, la corte, el 23 de mayo de 1912, dictó sentencia declarando sin lugar la demanda en cuanto al demandado Suro y con lugar en cuanto al otro demandado Savino, ordenándole que entregara a los demandantes las prendas en cuestión, sin especial condenación de costas.

Contra esa sentencia interpuso el demandado Savino el presente recurso de apelación.

Los hechos declarados probados por el Juez sentenciador Sr. Córdova Dávila, pueden resumirse así:

"Allá por el mes de mayo de 1911, o con anterioridad a esa fecha, los demandantes entregaron a Gabriel Suro dos dormilonas de brillantes y esmeraldas, autorizándolo para venderlas en la cantidad de 1,300 dólares.

"Hallándose Suro en la posesión de dichas prendas, solicitó de Savino, según afirma éste, un préstamo de $430 dándole en garantía del pago de esta suma el par de dormilonas que recibió de manos de los demandantes para venderlas.

"Requerido Suro por los demandantes para que entregara las prendas o el dinero, no hizo ni lo uno ni lo otro, ofreciéndoles únicamente un recibo provisional hasta tanto consiguiera un documento con la fianza de Joaquín Suro y de Monserrat. Suro entregó el documento ofrecido a los demandantes allá por los días seis o siete de mayo de 1911, aceptándolo éstos como un resguardo o comprobante de que habían entregado sus prendas al demandado. Dicho documento dice como sigue: 'Debo y pagaré a Don Adolfo García o a su orden la suma de 1,300 dólares valor de un par de dormilonas con dos esmeraldas y diez y seis brillantes, las que he tomado para venderlas en dicha cantidad. Hemos convenido mutuamente, que en el día de mañana, día 8 de mayo de 1911, será canjeado este vale por un documento garantizado por el Sr. Monserrat y Joaquín Suro y el firmante garantizando esta deuda con todos sus bienes habidos y por haber. San Juan, P. R., mayo 6 de 1911.' "

Y las conclusiones a que llegara el juez sentenciador, pueden resumirse así:

Las dormilonas pertenecían a los demandantes, éstos no se desprendieron del dominio de las mismas ni por sí, ni por su mandatario y lo conservan en la actualidad;

El documento entregado por Suro a los demandantes fué aceptado por éstos simplemente como un resguardo o comprobante de que habían entregado sus prendas a Suro. No constituye una novación de contrato;

El préstamo fué una operación personal entre Suro y Savino y no a nombre de los verdaderos dueños de las prendas;

Suro no adquirió ilegalmente la posesión de las prendas, pero los demandantes fueron despojados ilegalmente de su propiedad desde el momento en que Suro, actuando como dueño empeñó las prendas, sin estar autorizado para ello;

Savino a virtud de la negociación que verificara con Suro no adquirió la propiedad de las prendas; únicamente las retuvo en su poder como garantía de la suma que prestara;

La posesión de los bienes muebles adquiridos de buena fe equivale al título, pero no al dominio de la cosa. Para adquirir el dominio el adquirente necesita poseerlos además por el espacio de tres años fijado por la ley;

No habiéndose alegado en la demanda específica y detalladamente los daños especiales reclamados, no ha lugar a concederlos, y

Habiendo perdido el demandado Suro la posesión de las prendas, no procede contra él el ejercicio de la acción reivindicatoria.

El apelante sostiene que la corte erró al dar fuerza y valor probatorio a las declaraciones de los demandantes en el acto de la vista. Hemos examinado dichas declaraciones y las anteriormente prestadas por los mismos demandantes en la causa criminal iniciada contra Suro por el delito de abuso de confianza, y, a nuestro juicio, la corte sentenciadora no cometió el error que se le atribuye. La contradicción que se advirtió entre las declaraciones del demandante García, fué

aclarada satisfactoriamente. El demandante pudo haber entregado a Suro con anterioridad al mes de mayo las dormilonas para que las vendiera, Suro no haberlas vendido y haberlas devuelto a sus dueños, y éstos habérselas vuelto a entregar a Suro en mayo para que las vendiera a Savino.

Sostiene también el apelante que la corte de distrito erró al no conceder todo el valor probatorio que tiene el "pagaré" que otorgara Suro a favor de García "en pago del valor del par de dormilonas." Para el apelante dicho documento demuestra que Suro adquirió el dominio de las dormilonas y pudo por tanto disponer de ellas libremente.

Veamos los motivos que tuvo el juez sentenciador para apreciar el documento en la forma que dejamos consignada al resumir sus conclusiones. En su opinión el dicho juez se expresa así:

"Los demandantes declararon en el acto del juicio, que el referido documento les había sido entregado por Suro aceptándolo como un resguardo o recibo, demostrativo de que las dormilonas habían sido entregadas a Suro. En este documento Suro aparenta no haber vendido las prendas, puesto que dice que las ha tomado para venderlas en dicha cantidad de 1,300 dólares. Este documento aceptado por los demandantes como un resguardo, no puede conceder a Suro un título de dominio, y así parece que lo entendió éste cuando se ofreció a vender las prendas por una cantidad determinada. El que adquiere un título absoluto de dominio ni tiene obligación de vender ni está compelido a hacerlo por una cantidad fija. Los verdaderos dueños fueron siempre los demandantes, emanando de su voluntad la autoridad concedida a Suro para vender las prendas en una suma determinada, lo cual demuestra claramente que ambas partes conservaron las relaciones existentes entre mandante y mandatario."

Atendidas todas las circunstancias concurrentes en este caso, opinamos que la apreciación del documento hecha por el juez sentenciador es la justa y procedente y que por lo tanto tampoco cometió este otro error que se le atribuye.

Y sostiene, por último, el apelante, que la corte de distrito erró al no reconocer al demandado Savino como al verdadero dueño actual de las prendas en cuestión, ya que las adquirió de buena fe de la persona que estaba en la posesión legal de las mismas.

A nuestro juicio tampoco cometió la corte sentenciadora este otro error que se le atribuye. Estudiemos la cuestión envuelta. La ley aplicable está contenida en el artículo 466 del Código Civil revisado, que, copiado a la letra dice así:

"La posesión de los bienes muebles adquiridos de buena fe equivale al título. Sin embargo, el que hubiese perdido una cosa mueble o hubiese sido privado de ella ilegalmente, podrá reivindicarla de quien la posea.

"Si el poseedor de la cosa mueble perdida o sustraída la hubiese adquirido de buena fe en venta pública, no podrá el propietario obtener la restitución sin reembolsar el precio dado por ella.

"En cuanto a las cosas adquiridas en la bolsa, feria o mercado, o de un comerciante legalmente establecido y dedicado habitualmente al tráfico de objetos análogos, se estará a lo que dispone el Código de Comercio."

Los párrafos segundo y tercero de dicho artículo no son aplicables. No se trata en el presente caso de una venta pública, ni las prendas fueron adquiridas en bolsa, feria o mercado, ni de un comerciante legalmente establecido y dedicado habitualmente al tráfico de objetos análogos. Nuestro estudio debe limitarse, pues, al párrafo primero:

Comentando el artículo 464 del Código Civil español, igual al 466 del Código Civil revisado, con la única excepción de que en el artículo 466 se suprimió el párrafo tercero del 464 relativo a las cosas empeñadas en los Montes de Piedad, dice el Sr. Sánchez Román, lo que sigue:

"Dicho artículo 348 establece el principio de que 'el propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla'; y puesto en relación con el alcance de esa equivalencia al título, en la posesión de los bienes muebles, no significa que esta posesión de buena fe, suficiente para prescribir por tres años el domi-

nio de· los mismos, impida el· ejercicio y prosperidad de la acción
reivindicatoria del dueño antes que dicha prescripción se consuma,
sino, tan sólo que dicha acción reivindicatoria tendrá que ejercitarse
y probarse bajo el supuesto, aquí de pura creación legal, de que se
dirige contra un poseedor ·de justo título, que es cosa distinta y de
mayores exigencias en el pleito de reivindicación, que cuando se ejer-
cita contra un poseedor sin título. La ley, pues, no suple por·su minis-
terio con la posesión de las cosas muebles,·a·virtud de la declaración
referida del artículo 464 y su concordante el 1955, más que la idea
del título, pero no la del modo de adquirir, y sólo supliendo también
esta circunstancia, podría reputarse consumada la adquisición del
dominio a favor del poseedor y hacerse imposible la facultad de reivin-
dicar, que, en general, y sin distinguir de bienes muebles ni inmue-
bles, otorga el artículo 348 al dueño contra el tenedor o poseedor
de la misma.''

3 Estudios de Derechos Civil, por F. Sánchez Román, 475.

Scaevola dedica más de cuarenta páginas de sus comen-
tarios al· estudio del artículo 464 del. Código Civil español.
Comienza por establecer que dicho artículo no tiene prece-
dente en el antiguo derecho español y que su origen se encuen-
tra en el artículo 2279 del Código Civil francés. Luego expone
las diversas opiniones de los jurisconsultos franceses entre
los cuales sobresalen la de Marcadé, que sostiene que a virtud
del artículo 2279, la propiedad se adquiere inmediatamente por
''prescripción instantánea,'' y la de Aubri et Rau que man-
tiene que lo que se adquiere es la presunción de la propiedad,
y que por el transcurso del tiempo fijado por la ley para ad-
quirir por prescripción los bienes muebles, se adquiere el
dominio por completo. Scaevola dice que la jurisprudencia
francesa se ha pronunciado de un modo manifiesto en pro de
la última teoría.

En los dos párrafos que transcribimos a continuación se
condensa la opinión de Scaevola comentando directamente el
artículo 464 ya citado.

''La buena fe, juntamente con la posesión, suple al título en las
cosas muebles, pero mientras esta buena fe pueda ser controvertida,
mientras la validez o invalidez del modo adquisitivo sea susceptible

de constituir el contenido de una discusión jurídica, la posibilidad de la reivindicación salta a la vista.

"Ahora bien: ¿cuándo cesa esa posibilidad? La respuesta no puede ser más sencilla: cuando por el transcurso de tres años en el caso de existir posesión continuada y buena fe, o de seis en el de la mera tenencia, sin el concurso de ningún otro requisito, se adquiere el dominio por prescripción."

8 Scaevola, Código Civil, 571.

También Manresa dedica varias páginas de su obra al estudio del artículo 464. En una de ellas se expresa así:

"La posesión equivale al título. Nada más que esto dice el precepto que examinamos.

"¿Es que a su vez el título, el justo título, si así se quiere, equivale al dominio? Nada más distante de la realidad. Se trata de posesión y nada más.

"El poseedor de un inmueble es demandado de reivindicación a los dos años de poseer. Si la existencia de un justo título, con la buena fe, confiriese a ese poseedor el dominio, le bastaría probarlo. Sin embargo, lo prueba, y de nada le sirve si no lleva diez años de posesión, porque adquirió de quien no era dueño. La situación del poseedor de bienes muebles es la misma, sin prueba alguna, porque el justo título lo da por existente y probado la ley en el mero hecho de poseer; pero es poseedor, no dueño, y necesita poseer por tres años para adquirir el dominio, si adquirió de quien no era dueño.

"El alcance del artículo, en su regla general, no puede ser más que ese, porque nada más que eso dice la ley. Si, pues, el poseedor de buena fe de bienes muebles necesita tres años para prescribir, el dueño, con arreglo al artículo 1995 y el 1962, tiene los mismos tres años para reivindicar. Podrá haber prescripción instantánea de posesión, mas no de dominio. La ley concede el título, mas no afirma por ello que exista también modo de adquirir."

4 Manresa, Comentarios al Código Civil, 326.

A nuestro juicio las opiniones de Manresa, Scaevola y Sánchez Román, todas acordes esencialmente, exponen la verdadera interpretación de la ley vigente sobre la materia en Puerto Rico.

Aplicada esa ley de tal modo interpretada al caso con-

creto que estudiamos, es necesario concluir que favorece enteramente los derechos de los demandantes. Ellos no autorizaron a Suro para que dispusiera de las dòrmilonas y las empeñara a nombre suyo. Suro tomó las dormilonas de manos de los demandantes para venderlas en una cantidad determinada de dinero, y por lo tanto no tenía autoridad legal para empeñarlas, ni a nombre de los demandantes ni menos a nombre propio.

La misma contestación del demandado Savino y el documento de préstamo a Suro que obra transcrito en la exposición del caso, demuestran que Savino sabía que las dormilonas pertenecían a los demandantes, y esto, no obstante, prestó directamente a Suro el dinero, se lo entregó y aceptó en garantía un documento firmado solamente por él en su propio nombre y unas prendas, las dormilonas, que sabía que no eran de su propiedad.

Pero aceptando que el demandado Savino actuó de buena fe y que venció la deuda contraída por Suro y no fué pagada por nadie, solo podría reconocerse en Savino un justo título, no para apropiarse inmediatamente la cosa dada en prenda, sino a lo sumo para retenerlas y proceder a su enajenación en la forma que la ley prescribe. Dicho justo título seria enteramente válido contra todo el mundo si Suro hubiera sido el verdadero dueño de las dormilonas, o hubiera tenido poder de sus dueños para empeñarlas, o bien si hubieran trancurrido los tres años que marca la ley para adquirir por prescripción los bienes muebles; mas, como ninguna de estas últimas circunstancias concurren en este caso, y como los demandantes han ejercitado la acción reivindicatoria que expresamente concede la ley, es necesario concluir que Savino no llegó a adquirir la propiedad de las prendas y que éstas deben entregarse por él, como ordenó la corte de distrito, a sus verdaderos dueños, los demandantes.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Présidente Hernández y Asociados MacLeary, Wolf y Aldrey.