The National Cash Register Co., demandante-apelada-apelante, *v.* Albors & Rosario, demandada-apelante-apelada, y Francisco Forteza & Co., citada en evicción y saneamiento.

No. 3734.—*Visto:* Marzo 8, 1927. *Resuelto:* Julio 20, 1927.

1. Ventas—Ventas Condicionales—Acciones del Vendedor Condicional o su Cesionario—Contra Terceras Personas—Entrega de la Cosa Vendida—Rescindida la Venta Condicional—Ley que Rige.—Rescindido un contrato de venta condicional y entregado por el vendedor condicional el mueble a un tercero en calidad de préstamo, en cuyo poder es ocupada y vendida en pública subasta, procede una acción reclamando la entrega del mueble contra el comprador en la subasta y subsiguientes compradores no bajo la Ley 61 de 1916 (p. 2) sino bajo el artículo 354 del Código Civil.

2. Ventas—Ventas Condicionales—Acciones del Vendedor Condicional o su Cesionario—Contra Terceras Personas—Entrega de la Cosa Vendida—Rescindida la Venta Condicional—Causa de Acción.—Rescindido un contrato de venta condicional y entregado por el vendedor condicional el mueble a un tercero en cuyo poder se ocupa y se vende en pública subasta, el vendedor condicional tiene acción contra el comprador en la subasta o subsiguientes compradores en cuyo poder se encuentre para recobrar el mismo si no ha transcurrido el término que, para la prescripción del dominio, fija el artículo 1856 del Código Civil.

3. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—
   ENVÍO, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—OMISIÓN DE RADICAR
   EL RÉCORD DE APELACIÓN Y EFECTO—DESESTIMACIÓN.—Apelada una sentencia
   en cuanto a su pronunciamiento de costas, si el apelante ni perfecciona su
   recurso ni presenta alegato en apoyo del mismo, la apelación debe desestimarse.

SENTENCIA de R. Díaz Cintrón, J. (Ponce), declarando con lugar la
   demanda, sin costas.   Confirmada.

López de Todd & Zayas Pizarro, abogados del demandado-apelante;
   Hugh R. Francis y Manuel Cruz Horta, abogados de la deman-
   dante-apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

The National Cash Register Company demandó a Albors
& Rosario el 9 de octubre de 1922 alegando que el 28 de
octubre del año anterior vendió condicionalmente a V. Cal-
derón de Aguadilla la caja registradora No. 842–1919–182,
comprometiéndose el comprador a pagar parte del precio
en varios plazos mensuales, cuyo contrato fué inscrito en el
registro correspondiente de Aguadilla; que la demandante
entregó la caja a Calderón pero posteriormente y por mu-
tuo acuerdo entre ellos quedó rescindido ese contrato y con-
venido en que la caja fuera devuelta a la demandante; que
la caja fué indebidamente traspasada a Francisco Forteza
y Compañía, quien la vendió a Albors & Rosario en cuya
posesión está, y que el título de propiedad de esa caja per-
manece en la demandante de acuerdo con el contrato y con
la ley No. 61 de 1916, por lo que solicitó de la corte que or-
denase a los demandados que entregasen dicha caja.

Albors & Rosario y Francisco Forteza & Compañía, los
últimos como eviccionistas, se opusieron a la demanda y ce-
lebrado el juicio la Corte de Distrito de Ponce en grado de
apelación dictó sentencia declarando con lugar la demanda
sin especial condena de costas, la que fué apelada por to-
das las partes pero limitando la demandante su recurso al
particular de las costas.

[1, 2] De la evidencia presentada en el juicio resulta que
después de rescindido por mutuo acuerdo el contrato de

venta condicional que celebraron la demandante y V. Calderón respecto de la caja registradora que motiva esta apelación, The National Cash Register Company entregó dicha caja en calidad de préstamo a M. Cajigas e Hijos mientras les enviaba otra caja que ellos querían comprar, y que estando en poder de M. Cajigas e Hijos fué ocupada esa caja en su quiebra y en ella vendida en pública subasta a Francisco Forteza y Co., a quien después la compró Albors & Rosario, ignorando ambos que estuviera solamente como préstamo en poder de M. Cajigas e Hijos.

Aunque The National Cash Register Co. citó en apoyo de su demanda la Ley No. 61 de 1916 y en ella se fundó la corte para dictar la sentencia apelada, esa ley no es de aplicación en este caso porque no se basa la reclamación en contrato alguno de venta condicional, ya que el celebrado con V. Calderón quedó rescindido y la caja entregada después por The National Cash Register Company a M. Cajigas e Hijos en calidad de préstamo y por tanto sin existir entre ellos un contrato de venta condicional.

A pesar de lo expuesto la demandante debe recobrar la expresada caja registradora del poder de Albors & Rosario porque según el artículo 354 del Código Civil todo propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla; y si bien es cierto que Albors & Rosario compraron de buena fe dicha caja a Francisco Forteza & Compañía, quien también la adquirió de buena fe por compra en la subasta de bienes del quebrado M. Cajigas e Hijos, por lo que tal posesión equivale al título según el artículo 466 del Código Civil, sin embargo, ese título por sí solo y sin el transcurso de tres años fijados por el artículo 1856 del mismo Código para la prescripción del dominio de bienes muebles, no es bastante para privar a The National Cash Register Co. de la propiedad de su caja; cuestión que fué estudiada extensamente y resuelta en ese sentido en los casos de *García y otros* v. *Savino y otro,* y de *García* v.

*Suro y otro,* 19 D.P.R. 279 y 757 respectivamente, a los que nos referimos para no hacer extensa esta opinión.

[3] La parte demandante no ha perfeccionado su recurso en cuanto a las costas ni ha presentado su alegato en apoyo del mismo.

*Por las razones expuestas, la apelación de la demandante debe ser desestimada y en cuanto a la de la demandada y su eviccionista la sentencia apelada debe ser confirmada en todas sus partes.*